IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL C. POLHILL,       Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | NO.   12-624 |
| FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX GROUND, WASP, INC., TUG TECHNOLOGIES CORPORATION, MOTREC INTERNATIONAL INC., TOPPER INDUSTRIAL INC.,       Defendants. | : : : : : : : | |

**DuBOIS, J.**                                                                                                                  **June 6, 2014**

**M E M O R A N D U M**

**I.    INTRODUCTION**

This case arises out of an injury *pro se* plaintiff allegedly suffered on February 9, 2010 while working as an employee of FedEx Ground Package System, Inc. ("FedEx") at its facility in Barrington, New Jersey ("Barrington facility").   Presently before the Court is Defendant FedEx Ground Package System, Inc.'s Motion for Summary Judgment.   For the reasons that follow, that Motion is granted in part and denied in part.

**II.    BACKGROUND**

*Pro se* plaintiff alleges, in the Third Amended Complaint, that he sustained an injury as he was loading packages onto three connected baggage carts when the tug at the front end of the carts allegedly pushed the carts backwards over *pro se* plaintiff's foot.   Statement of Uncontested Material Facts in Supp. of Def., FedEx Ground Package Sys., Inc.'s Mot. Summ. J. ¶¶ 1–3 [hereinafter Uncontested Facts].   *Pro se* plaintiff claims that the carts and tug had no reverse-warning lights or sirens.   *Id.*

After the accident, *pro se* plaintiff immediately resumed work at the Barrington facility. Def. FedEx Ground Package Sys., Inc.'s Mot. Summ. J. [hereinafter Def. Mot.] Ex. E. at 100:7–14. On December 2, 2010, *pro se* plaintiff filed an Employee's Claim Petition with the State of New Jersey Department of Labor and Workforce Development Division of Workmen's Compensation covering injuries he allegedly sustained in the February 9, 2010 accident. Def. Mot. Ex. G. *Pro se* plaintiff received worker's compensation benefits, Def. Mot. Ex. H ¶ 2, and continued to work at the Barrington facility until his termination on or about February 20, 2011, approximately twelve months after the accident. Def. Mot. Ex. E. at 100:7–14.

### III.     LEGAL STANDARD

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). After examining the evidence of record, a court should grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law" and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587 (1986) (citation omitted).

## IV.  DISCUSSION

*Pro se* plaintiff asserts four causes of action against FedEx in the Third Amended Complaint: (1) Product Liability; (2) Negligence; (3) "Responsibility to Protect Plaintiff from Harm"; and (4) "Misrepresentation and Responsibilities of Submission of the Parties."  Presently before the Court is FedEx's Motion for Summary Judgment, in which FedEx argues that *pro se* plaintiff's common law tort claims are barred by the New Jersey Workmen's Compensation Act, N.J. Stat. Ann. § 34:15-1 *et seq.*, or alternatively, by the Pennsylvania Workers' Compensation Act, 77 Pa. Cons. Stat. Ann. § 1 *et seq.*   The Court addresses each cause of action in turn.

### A.  First Cause of Action — Product Liability

*Pro se* plaintiff alleges that FedEx "knowingly and willfully caused injuries to plaintiff" because FedEx knew that a defect in the "purchased product" could cause personal injury.  *See* 3d Am. Compl., "First Cause of Action" ¶ 3, ECF No. 74.  The purchaser of a product cannot be liable under either Pennsylvania or New Jersey product liability law.  *See, e.g.*, *Dean v. Barrett Homes, Inc.*, 8 A.3d 766, 771 (N.J. 2010) ("The definition of tort liability found in the Products Liability Act is broad: '[a] manufacturer or seller of a product shall be liable . . . .'" (quoting N.J. Stat. Ann. § 2A:58C-2)); *Weiner v. Am. Honda Motor Co.*, 718 A.2d 305, 308 n.3 (Pa. 1998) ("One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability . . . ." (quoting Restatement (Second) of Torts § 402A (1965))).  Accordingly, *pro se* plaintiff's cause of action for product liability fails as a matter of law.  In view of this disposition of the claim, it is not necessary to determine whether such a claim is barred by Pennsylvania or New Jersey worker's compensation law.

### B. Second and Third Causes of Action — Negligence and "Responsibility to Protect Plaintiff from Harm"

As an initial matter, *pro se* plaintiff's tort claims are governed by the law of New Jersey. Pennsylvania has recognized that "the state where the workers' compensation policy is regulated is the state with the more significant contacts," especially when an individual "elected to recover workers' compensation benefits" in a different state.  *See Davish v. Gidley*, 611 A.2d 1307, 1309–10 (Pa. 1992) (citing *Allstate Ins. Co. v. McFadden*, 595 A.2d 1277, 1279 (Pa. 1991)).  *Pro se* plaintiff filed a worker's compensation claim in New Jersey on December 10, 2010, and he received worker's compensation benefits under the New Jersey Workmen's Compensation Act. Thus, the New Jersey Workmen's Compensation Act governs the tort claims arising out of *pro se* plaintiff's employment at FedEx.

"Fundamental to the [New Jersey Workmen's Compensation] Act is the premise that by accepting the benefits provided by its schedule of payments, the employee agrees to forsake a tort action against the employer."  *Ramos v. Browning Ferris Ind. of S. Jersey, Inc.*, 510 A.2d 1152, 1155 (N.J. 1986) (citing *Morris v. Hermann Forwarding Co.*, 113 A.2d 513, 514 (1955)); *see also* N.J. Stat. Ann. § 34:15-8.  Individuals that file workers' compensation claims "fall squarely within this provision."  *See Morrow v. MarineMax, Inc.*, 731 F. Supp. 2d 390, 393 (D.N.J. 2010). Thus, FedEx's Motion for Summary Judgment is granted as to *pro se* plaintiff's claims for negligence and "responsibility of parties to protect plaintiff from harm" arising out of his workplace injury.

### C. Fourth Cause of Action — "Misrepresentation and Responsibilities of Submission of the Parties."

The Court construes this cause of action to present two claims: (1) that FedEx violated an

order of the Court, and (2) a state-law claim for fraudulent misrepresentation or fraudulent concealment of evidence.

### 1. Violation of an Order of the Court

*Pro se* plaintiff alleges that FedEx "knowingly and willfully withheld information after being ordered by the Court," in the Scheduling Order dated December 19, 2012, to disclose the identity of the manufacturers of the products involved in *pro se* plaintiff's accident. *See* 3d Am. Compl., "Fourth Cause of Action" ¶ 57. Such a claim does not comport with the facts in this case. The Court began a preliminary pre-trial conference on August 17, 2012, but, in order to provide *pro se* plaintiff time to retain an attorney, the Court deferred scheduling further proceedings at that conference. After *pro se* plaintiff failed to obtain a lawyer, the Court held a second preliminary pre-trial conference on December 19, 2012. In the Scheduling Order dated December 19, 2012, the Court directed FedEx to provide all parties with the serial numbers and other identifying information of all carts and tugs in its possession at the Barrington facility on the date of *pro se* plaintiff's accident. FedEx provided this information on January 14, 2013.

The Court finds that FedEx complied with the Scheduling Order of December 19, 2012, and that, prior to that Scheduling Order, excepting only what is set forth in Part IV.C.2 of this Memorandum, FedEx had no duty arising out of this litigation to provide *pro se* plaintiff or any other party with the serial numbers or other identifying information of the carts and tugs in its possession at the Barrington facility on the date of *pro se* plaintiff's accident. After being directed to disclose such identifying information in the Scheduling Order dated December 19, 2012, FedEx investigated and provided all parties, on January 14, 2013, a list of manufacturers and model numbers for the carts and tugs in use at the Barrington facility on the date of *pro se* plaintiff's accident. Accordingly, FedEx did not "knowingly and willfully with[o]ld information

after being ordered by the Court" to disclose information.

Moreover, any effect of FedEx's alleged noncompliance with the Scheduling Order of December 19, 2012 would have occurred after the expiration, on February 9, 2012, of the statute of limitations against the manufacturers of the equipment involved in *pro se* plaintiff's accident.[1] Thus, any alleged noncompliance with that Order would be of no legal significance to *pro se* plaintiff's claims against those manufacturers because the statute of limitations as to them already had expired.

### 2. Fraudulent Misrepresentation and Fraudulent Concealment

FedEx's Motion for Summary Judgment does not address *pro se* plaintiff's claims, in the Fourth Cause of Action, that FedEx made misrepresentations, or failed to disclose certain information it was required to provide, which caused *pro se* plaintiff to lose the right to file suit against the manufacturers of the equipment involved in his accident. Thus, FedEx's Motion for Summary Judgment is denied as to these claims in the Fourth Cause of Action.

Nevertheless, the sufficiency of the allegations in this cause of action is before the Court, and the Court dismisses the claims without prejudice. The Court grants *pro se* plaintiff leave to file a fourth amended complaint within thirty (30) days, if warranted by the facts and law set forth in this Memorandum, naming only FedEx as a defendant and asserting only a claim for "Misrepresentation and Responsibilities of Submission of the Parties."

The Fourth Cause of Action fails to state a claim upon which relief may be granted for three reasons. First and foremost, the Court notes that on February 9, 2012 the statute of

---

[1] The Court examined the statute of limitations as to those manufacturers in greater detail in Order dated June 6, 2014 ruling on defendant Topper Industrial, Inc.'s Motion to Dismiss and defendant Motrec International, Inc.'s Motion to Dismiss. The Court's ruling on those motions is incorporated herein by reference.

limitations expired on *pro se* plaintiff's claims against the manufacturers of the equipment involved in his accident.   Any action or inaction by FedEx after that date would fail to state a claim as a matter of law because *pro se* plaintiff's claims against those manufacturers already had expired.   Thus, if *pro se* plaintiff files a fourth amended complaint, he must allege a misrepresentation made by FedEx before February 9, 2012 related to the identity of the manufacturers of the equipment involved in his accident, or he must allege a legal duty of FedEx, which arose before February 9, 2012, to disclose the identity of those manufacturers.

Second, the Fourth Cause of Action fails to state with particularity the circumstances of the alleged misrepresentations or the basis of any legal duty of FedEx to disclose the identity of the manufacturers involved in *pro se* plaintiff's accident.   The Federal Rules of Civil Procedure require that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."   Fed. R. Civ. P. 9(b).   "Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."   *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742, F.2d 786, 791 (3d Cir. 1984).

*Pro se* plaintiff makes general and conclusory allegations that FedEx "with held [sic] and destroyed" or "prohibit[ed] or delay[ed]" information related to equipment "that would identify the original owner" or "identify them as the manufacture[r]."   *See, e.g.*, 3d Am. Compl. ¶¶ 58, 60, 65.   *Pro se* plaintiff also alleges that FedEx "[held] that information from the Court as well as Plaintiff for over two years."   *Id.* ¶ 66.   Such general accusations fail to plead with particularity any misrepresentation made by FedEx or the source of any legal duty owed by FedEx to disclose information concerning the identity of the manufacturers of the equipment involved in *pro se*

7

plaintiff's accident.  If *pro se* plaintiff files a fourth amended complaint, he must state, as specifically as possible, the date, time, and contents of any alleged misrepresentations and the parties who made the statements at issue.  If *pro se* plaintiff claims that FedEx had a duty to disclose the identity of the manufacturers of the equipment involved in his accident, he must state with particularity the legal basis for any such duty and the date upon which that duty arose.

Finally, *pro se* plaintiff has not alleged sufficient non-conclusory facts to state a claim for fraudulent misrepresentation or fraudulent concealment under either Pennsylvania[2] or New Jersey[3] law.  If *pro se* plaintiff files a fourth amended complaint, that complaint must "allege facts that 'raise a right to relief above the speculative level.'" *Victualic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  When evaluating the sufficiency of pleadings, the court disregards "legal conclusions" and "threadbare recitals of the element of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Rather, the court

---

[2] To state a claim for fraudulent misrepresentation under Pennsylvania law, *pro se* plaintiff must allege six elements: (1) a representation; (2) material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.  *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994).  To state a claim for fraudulent concealment under Pennsylvania law, *pro se* plaintiff must allege the same elements except that, rather than a misrepresentation, *pro se* plaintiff must allege that defendant intentionally concealed a material fact that it had a duty to disclose.  *See Protica, Inc. v. iSatori Tech., LLC*, No. 11-cv-1105, 2012 WL 1071223, at *4–5 (E.D. Pa. Mar. 30, 2012).

[3] To state a claim for fraudulent misrepresentation under New Jersey law, *pro se* plaintiff must allege a misrepresentation amounting to actual legal fraud, which "consists of a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment." *Jewish Ctr. of Sussex Cnty. v. Whale*, 432 A.2d 521, 625 (N.J. 1985).  To state a claim for fraudulent concealment under New Jersey law, *pro se* plaintiff must allege five elements: (1) a legal duty to disclose (2) a material fact (3) that plaintiff could not discover without defendant disclosing it; (4) that defendant intentionally failed to disclose that fact; and (5) that plaintiff was harmed by relying on the non-disclosure.  *See Rosenblit v. Zimmerman*, 766 A.2d 749, 757–58 (N.J. 2001).

examines the "well-pleaded, nonconclusory factual allegation[s]" to determine whether the pleadings state a plausible claim for relief.  *Id.* at 680.   If *pro se* plaintiff files a fourth amended complaint, he must allege non-conclusory facts that are not recitals of the elements of his claim.  For example, *pro se* plaintiff must allege the details of all alleged misrepresentations including who said what to whom, and when those misrepresentations took place.

## V. CONCLUSION

For the foregoing reasons, the Court grants FedEx's Motion for Summary Judgment as to *pro se* plaintiff's First, Second, and Third Causes of Action in the Third Amended Complaint.  The Court denies FedEx's Motion for Summary Judgment as to *pro se* plaintiff's Fourth Cause of Action in the Third Amended Complaint, and the Fourth Cause of Action is dismissed without prejudice.  *Pro se* plaintiff is granted leave to file a fourth amended complaint, within thirty (30) days, if warranted by the facts and law set forth in this Memorandum, naming only FedEx Ground Package System, Inc. as a defendant and asserting only a claim of "Misrepresentation and Responsibilities of Submission of the Parties."   The fourth amended complaint, if filed, shall comply in all respects with this Memorandum and shall, *inter alia*, state with particularity the circumstances underlying the alleged misconduct, including, as specifically as possible, the date, time, and contents of any alleged misrepresentation and the parties who made the statements at issue.  If *pro se* plaintiff claims that FedEx had a duty to disclose the identity of the manufacturers of the equipment involved in his accident, he must state with particularity the legal basis for any such duty and the date upon which that duty arose.   An appropriate Order follows.